IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. A-19-CR-0318 LY |
| § | |
| ERIC ALMAZAN (2) § | |
| MARIO ALMAZAN, JR. (3) § | |
| MARIO ALMAZAN, SR. (4) § | |

## ORDER

Before the Court are the motions of the three listed defendants seeking temporary release pursuant to 18 U.S.C. § 3142(i) to attend the funeral of Ventura Almazan-Alejo, the father of Eric and Mario Alamzan (Sr.) and the grand-father of Mario Almazan, Jr. (Dkt. 253, 254 & 257), as well as the Government's opposition (Dkt. 256). The motions have been referred to the undersigned. For the reasons set forth below, the motions are denied.

**Mario Almazan, Sr.**

As the Government notes in its opposition, in addition to being in custody on the present charges, Mario Almazan, Sr. is currently serving the 108 month sentence imposed on January 27, 2014, in A-13-CR-243 (2) LY. He is not a citizen of the United States, but rather is a citizen of Mexico. Under the charges currently pending in this case, he faces a sentence of at least 10 years of imprisonment. As the Government also notes, because of his status as still being under a sentence from the earlier case, even if this Court were to release Almazan, Sr. from its custody on the present case, he would be subject to the custody of the U.S. Bureau of Prisons. Thus, temporary release by this Court would not allow Alamzan, Sr. to attend the funeral, unless he also obtained a furlough from the BOP. As Almazan, Sr.'s motion does not reflect he has obtained any such furlough, there is no point in this Court considering the grant of temporary release. Further, for the reasons set out below with regard to Eric Almazan, even if the Court were to consider Almazan, Sr.'s motion on the merits, it would not grant it.

**Eric Almazan**

Like his brother, Eric Almazan is not a U.S. citizen, but rather is a citizen of Mexico. At the time of his arrest in this case, he was in the custody of Immigration Customs Enforcement at the South Texas Immigration Processing Center, and was brought into this Court's custody through a Writ of Habeas Corpus Ad Prosequendum. Dkt. 76. Also like his brother, under the pending charges, he faces a sentence of at least 10 years of imprisonment in this case. The relevant statute provides that, once a court has ordered a defendant detained pretrial (as here),

> [t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Though attending the funeral of one's father is plainly a "compelling reason," in the circumstances presented the Court declines to order Eric Almazan's release. He was apparently already facing immigration issues before these charges, and now is facing mandatory deportation—after serving at least 10 years in the penitentiary—should he be convicted in this case. The funeral is on Monday, June 29, 2020, and the motion was filed this afternoon, the Friday immediately preceding that date. No arrangements have been made with the U.S. Marshal Service, or any other agency, that would assure Eric Almazan would not flee if released, and it is doubtful that any such arrangements would be possible.

Further, there is an ongoing, indeed a growing, pandemic currently impacting the Austin area. The motions are silent regarding the number of people who plan to attend the funeral, or any precautions that the family or funeral directors intend to take to prevent those attending the funeral from contracting or spreading the COVID-19 virus. Ordering the defendant's release would thus not only cause him to potentially be exposed to the virus (and accordingly creating a problem at the detention facility in which

he is presently being held), but it would also force the Court to require the USMS deputies or other officers to be similarly put at risk.

Given all of the above, it would not be a proper exercise of the Court's discretion—discretion that should be exercised sparingly to begin with—to grant a release here.

**Mario Alamzan, Jr.**

All of the reasons just articulated regarding the release of Eric Almazan also counsel against denying the temporary release of Mario Almazan, Jr. Further, as the Government notes, once a defendant has pled guilty to a federal crime, the statute governing release changes. Because Almazan, Jr. pled guilty in this case on June 11, 2020, the standard for determining whether he may be released is set by 18 U.S.C. § 3143, not 3142. Unlike § 3142, § 3143 does not contain a provision permitting temporary release. Instead, the standard for release becomes quite high, and the only circumstances in which such a defendant may be released are if the Government has recommended that the defendant not receive a sentence of imprisonment, and there is clear and convincing evidence that the defendant is neither a safety nor flight risk. The Government's opposition reflects that it has not, and does not intend to, make a recommendation that Almazan, Jr. not receive a sentence including imprisonment. This alone prevents his release.

Accordingly, for the reasons stated, the motions of these defendants seeking temporary release (Dkt. 253, 254 & 257) are **DENIED.**

SIGNED this 26th day of June, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE